**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

**No. 21-4498**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

ANTONIO SALGADO RENTERIA,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00445-WO-1)

_____

Submitted:  April 26, 2022                       Decided:  April 28, 2022

_____

Before AGEE and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Michael E. Archenbronn, Winston-Salem, North Carolina, for Appellant. Tanner Lawrence Kroeger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Salgado Renteria pled guilty, without a plea agreement, to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court sentenced Renteria to a total of 156 months' imprisonment and 5 years of supervised release. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning the reasonableness of Renteria's sentence, specifically, whether the district court adequately addressed the mitigating factors under 18 U.S.C. § 3553(a) at sentencing. Although informed of his right to file a pro se supplemental brief, Renteria has not done so. We affirm.

We review a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id*. at 51. In determining procedural reasonableness, we consider, among other things, whether the district court properly calculated the defendant's Sentencing Guidelines range. *Id*. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id*. A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

We conclude that Renteria's sentence is procedurally and substantively reasonable. At sentencing, the district court correctly calculated Renteria's advisory Guidelines range of 132 to 168 months' imprisonment, resulting from a total offense level of 31 and a criminal history category of III. The district court also noted that each offense carried a statutory mandatory minimum of 10 years' imprisonment. The district court afforded counsel an opportunity to argue regarding an appropriate sentence, and Renteria an opportunity to allocute. The district court engaged with counsel and Renteria over whether Renteria's devotion to his family, difficult childhood, and border smuggling debt were mitigating factors, but found that they were undermined by Renteria's choice to return to drug-dealing. Finally, the district court weighed the 18 U.S.C § 3553(a) factors it deemed most relevant, particularly Renteria's history and characteristics, the serious nature of the offenses, and the need for deterrence and protection of the public from further crimes. The district court further considered Renteria's relationship with his family, nonviolent conduct, and cooperation with law enforcement as mitigating factors. We conclude that Renteria has failed to rebut the presumption of reasonableness that we afford his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Renteria, in writing, of the right to petition the Supreme Court of the United States for further review. If Renteria requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Renteria.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*